POWRIE *v.* KANSAS PACIFIC RAILWAY CO.

AGENT — *authority of engineer of railway company.*  An engineer of a railway company, as such, has no authority to pledge the company to pay indebtedness due from a contractor, who is engaged in building the road, to one of his employees.

PRINCIPAL — *not bound where agent exceeds his authority.*  P., who was employed by R., a contractor on a railroad, proposed to discontinue work on account of R.'s inability to pay him.  There upon G., an engineer of the railway company, stated that if the men, of whom P. was one, would go on and complete the work, the company would see them paid.  There being nothing to show that the engineer was authorized to make such promise, an action against the company will not lie thereon.

*Error to Probate Court, Arapahoe County.*

IT appeared in evidence that the plaintiff, with others, was employed by one Rice, to work on the Kansas Pacific Railway.  Some of the men employed by Rice, distrusting his ability to pay, had an interview with Col. Greenwood, an engineer of the company, who told them to go on and complete the work, and the company would pay ; that the Kansas Pacific Railway Company would not see any laboring man come short of his pay.

The action was against the railway company upon this promise.  The cause was tried to the court without a jury, and judgment for the defendant.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Mr. ALFRED SAYRE, for defendants in error.

WELLS, J.   It is pretty clearly established by the evidence heard in the court below, that Col. Greenwood, the chief engineer of the defendant, did promise, as the plaintiff claimed, that the company should respond for the wages of Rice's employees upon section seventeen of the grade ; that this promise was made to one whom the employees had deputed to represent them ; that it was intended to be communicated to the men, and was so communicated ; and that

the plaintiff, among others, continued their employment and completed the work.

The plaintiff may therefore have his action, provided these three things concur : 1st. It must appear that the promise was upon a consideration sufficient to support it. 2d. The promise not having been reduced to writing, it must appear to have been an original promise, and not a promise to answer upon the default of another merely, for, otherwise, it is void within the statute of frauds. 3d. It must appear that the engineer who made the promise was the agent of the defendant in that behalf.

As to the first of these requisites, the evidence is clearly sufficient. · Rice's employees, doubting their employer's solvency, had abandoned the work, and their resuming and completing it was a good and adequate consideration, for it involved both advantage to the company and loss to the men.

As to the second, the testimony is not free of uncertainty ; for though, if we consider only the testimony of the witnesses who speak of it, the promise appears to have been, that the company should pay in any event; and not that they should pay upon Rice's default or the like, yet the subsequent conduct of all parties tends, in some degree, to negative the idea that either the company or Rice, or Rice's employees, understood the company to be directly and in the first instance liable to the men ; for, down to the completion of the work, so far as we can ascertain by the testimony, Rice remained in immediate charge of the working party ; they looked to him for directions, and it was upon his order alone that they received what they did receive from the company.  As to the third requisite, there is nothing in the testimony which affords any light whatever as to the nature or extent of the engineer's authority, except the circumstance that Borst, the paymaster, whom it may be presumed was informed of the nature and scope of the duties and powers of his associates in office, paid Rice's employees upon the direction and authority of the engineer's orders merely.

Herefrom might, if the testimony were more complete than it is, arise an inference of more or less weight, that the engineer had in fact the authority which he assumed, else the paymaster must have disregarded his orders. But here it is to be observed that, so far as appears, Borst never was informed of the promises alleged to have been made by Greenwood, but paid the money accruing upon Rice's contract to the employees directly, instead of to Rice, in pursuance of what he understood to have been an arrangement between Rice and the company, to which the men were not party, for the convenience of Rice, and not in discharge of any liability of the company to the employees; and it would seem that the acts of Borst ought not to be received to found an inference of authority in Greenwood to do that which Borst did not know Greenwood had done.

It appears to us, therefore, that there was no evidence whatever of the agency of Greenwood to make the promise relied upon; his official designation does not, we conceive, imply an authority in such matters, and the plaintiff's proofs were therefore defective in a material point.

The judgment of the probate court is affirmed.

*Affirmed.*